# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RELMON DAVIS III,<br>CDCR # F-24440<br><br>                                    Plaintiff,<br><br>vs.<br><br>L.S. McEWEN; JUDICIAL COUNCIL;<br>SUPERIOR COURT O.C.,<br><br>                                    Defendant. | Civil No.   11cv1428 BTM (MDD)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, [ECF No. 2];**<br><br>**(2) DISMISSING ACTION PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B)  & 1915A(b)** |

Plaintiff, a state inmate currently incarcerated at Calipatria State Prison and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. In addition, Plaintiff has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).

**I.     MOTION TO PROCEED IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

1    The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C.
2 § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to
3 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows that
4 he has insufficient funds from which to pay an initial partial filing fee.

5    Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 2] and
6 assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1).

7 **II.     SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

8    The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 also
9 obligate the Court to review complaints filed by all persons proceeding IFP and by those, like
10 Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or
11 adjudicated delinquent for, violations of criminal law or the terms or conditions of parole,
12 probation, pretrial release, or diversionary program," "as soon as practicable after docketing."
13 *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these provisions, the Court must sua
14 sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof,
15 which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who
16 are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

17    In his Complaint, while not entirely clear, Plaintiff appears to seek to hold liable the
18 California Judicial Council and the Orange County Superior Court for denying his Petition for
19 Writ of Habeas Corpus. (*See* Compl. at 3.) However, neither of these Defendants are proper
20 parties pursuant to 42 U.S.C. § 1983 and must be dismissed. *See Wolfe v. Strankman*, 392 F.3d
21 358, 364 (9th Cir. 2004). The Judicial Council is an agency of the State of California. *Id.* As
22 an agency of the State of California, the Judicial Council is not a "person" subject to suit and
23 is instead, entitled to absolute immunity from monetary damages actions under the Eleventh
24 Amendment. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 53-54 (1996)

25    As for Plaintiff's attempts to name the Superior Court as a Defendant, these claims must
26 also be dismissed. The *Rooker-Feldman* doctrine provides that "'a losing party in state court is
27 barred from seeking what in substance would be appellate review of the state judgment in a
28 United States District Court, based on the losing party's claim that the state judgment itself

violates the loser's federal rights.'" *Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)), *cert. denied*, 119 S.Ct. 868 (1999). Here, Plaintiff appears to be seeking, through this civil rights action, a reversal of the Superior Court's decision to deny his habeas corpus petition. The Court will not convert the present action into a habeas petition due to the implications of the abuse of the writ doctrine. *See Blueford v. Prunty*, 108 F.3d 251, 255 (9th Cir. 1997)

Finally, Plaintiff names the Warden for Calipatria State Prison but it is not clear what allegations Plaintiff is making against this Defendant. "[T]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)). Plaintiff must allege personal acts by each individual Defendant which have a direct causal connection to the constitutional violation at issue. *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986). Here, there do not appear to be any factual allegations against Defendant McEwen that relate to an alleged constitutional violation.

### III. CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2] is **GRANTED**.

2. The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

///

///

3. The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4. Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief could be granted and for seeking monetary damages against immune defendants. *See* 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S. D.CAL. CIVLR. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

5. The Clerk of the Court is directed to mail a form civil rights Complaint to Plaintiff.

DATED: July 25, 2011

*[signature]*

Honorable Barry Ted Moskowitz
United States District Judge